Daniel J. **VITALO**, et al.

v.

**CABOT CORP.**, et al.

No. CIV.A. 01–6759.

United States District Court,
E.D. Pennsylvania.

Dec. 20, 2002.

Ruben Honik, Golomb & Honik, Philadelphia, PA, for plaintiffs.

Neil S. Witkes, Manko, Gold & Katcher, Bala Cynwyd, PA, John C. Traficonte, Boston, MA, Karen M. Connors, Boston, MD, Thomas C. De Lorenzo, Marshall Dennehey Warner Coleman & Goggin, Philadelphia, PA, for defendants.

David A. Damico, Burns, White & Hickton, Pittsburgh, PA, for Deborah Wall.

*MEMORANDUM*

BARTLE, District Judge.

Plaintiff Daniel Vitalo has sued for personal injuries allegedly suffered from emissions from defendants' beryllium plant near Reading, Pennsylvania. Plaintiff lived nearby and worked at the plant for a few months in 1959. His wife Diane Vitalo also has sued defendants for loss of consortium.

Before the court is the motion of defendant NGK Metals Corporation ("NGK Metals") to compel plaintiffs to comply with the November 18, 2002 Order of this court and for sanctions.

On November 18, 2002, we ordered plaintiffs, within seven business days, to answer fully and completely NGK Metals' Interrogatory No. 3 and produce the documents sought in Request for Production of Documents and Things No. 22 to the extent that they sought air modeling information considered by plaintiffs' trial experts. *See* Fed. R.Civ.P. 26(a)(2)(B). The information is clearly relevant to a central issue in the case– the quality of the air surrounding defendants' plant. Plaintiffs have failed to comply with this Order. They maintain that the information provided to plaintiffs' expert Dr. John Martyny via electronic mail by air modeler Jana Milford and then forwarded to plaintiffs' other expert, Dr. Lisa Maier, has been deleted from both of their computers. While plaintiffs concede that their attorney has a copy of what was ordered to be produced, plaintiffs maintain that their attorney's copy is protected by the work-product doctrine. At the request of the court, plaintiffs' counsel has now produced the material in issue for in camera inspection.

In our November 18 opinion we held that Rule 26(a)(2)(B) of the Federal Rules of

Civil Procedure, as amended in 1993, vitiates a claim of attorney work-product with respect to any information *considered* by a party's expert, whether or not relied upon by that expert. *See In re Pioneer Hi–Bred Int'l, Inc.*, 238 F.3d 1370, 1375 (Fed.Cir. 2001); *Herman v. Marine Midland Bank*, 207 F.R.D. 26, 28–29 (W.D.N.Y.2002). Rule 26(a)(2)(B) provides in relevant part:

> The [expert] report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information *considered* by the witness in forming the opinions ....

Fed.R.Civ.P. 26(a)(2)(B) (emphasis added). As the advisory committee note to the 1993 amendment of Rule 26(a)(2)(B) explains:

> The report is to disclose the data and other information *considered* by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

Fed.R.Civ.P. 26 advisory committee's note (emphasis added).

■ At oral argument on the present motion, plaintiffs' counsel conceded he would have produced the documents in issue in accordance with our November 18, 2002 Order if the experts still had copies. He resists production because he alone is now in possession of the material. This argument is totally without merit. An attorney cannot circumvent discovery by withholding documents in his or her possession simply because copies of those documents in the hands of the expert have been lost. It does not matter whether unavailability is due to deletion from a computer, as here, or because of fire or flood or any other reason. If a party could avoid production under such circumstances by claiming attorney work-product, Rule 26(a)(2)(B) would be easily thwarted.

■ Unlike destruction by fire or flood, it is quite possible that the documents could still be retrieved from the computers of Dr. Martyny and Dr. Maier, even though deleted. Whether or not this is so, it is evident that retrieval could be an expensive and time-consuming process. In any event, it is well established that a party cannot object to the production of otherwise discoverable information simply because it may be available elsewhere. *Swarthmore Radiation Oncology, Inc. v. Lapes*, No. 92–cv–3055, 1993 WL 517734, at *2 (E.D.Pa. Dec.1, 1993).

We also remind plaintiffs and their attorney of Rule 1 of the Federal Rules of Civil Procedure which provides that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Costly retrieval of erased information from the experts' computers would be in derogation of the important goal of Rule 1 when plaintiffs can supply the same information quickly and without great expense.

Dr. Marytyny and Dr. Maier have each submitted two affidavits (presumably prepared by plaintiffs' counsel) in connection with the pending discovery issue. What they did not say is telling. While both experts stated they did not rely on any of the documents in issue, they never attested that they did not *consider* what have been identified as Figures 3a, 3b, 4a, 4b, 5a, 5b, 5c, 5d, 6a, 6b, 6c and 6d in preparing their expert reports. Furthermore their deposition testimony, as set forth in our November 18 opinion, confirms that they did consider this material.

Accordingly, we will grant the motion of NGK Metals to compel the production of documents identified as Figures 3a, 3b, 4a, 4b, 5a, 5b, 5c, 5d, 6a, 6b, 6c and 6d. We expect immediate compliance.

At oral argument NGK Metals' counsel stated that he was not pressing the motion for sanctions, and it will be denied.

### ORDER

AND NOW, this 20th day of December, 2002, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of defendant NGK Metals Corporation to compel is GRANTED; and

(2) plaintiffs Daniel and Diane Vitalo shall produce immediately Figures 3a, 3b, 4a, 4b, 5a, 5b, 5c, 5d, 6a, 6b, 6c and 6d to the report of Jana Milford; and

(3) the motion of defendant NGK Metals Corporation for sanctions is DENIED.